UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NORMAN GUISHARD,

                     Plaintiff,

      v.                                                                                           9:19-CV-1475
                                                                                         (MAD/ATB)

CBH MEDICAL, et al.,

                     Defendants.
_____

APPEARANCES:

NORMAN GUISHARD
Plaintiff, pro se
19-A-1164
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

      Pro se plaintiff Norman Guishard ("plaintiff") commenced this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") on or about November 27, 2019, with the filing of a complaint, accompanied by an application to proceed in the action in forma pauperis ("IFP"). Dkt. Nos. 1, 2. Because plaintiff's IFP application was incomplete, the Court issued an Order closing the action and directing plaintiff to either pay the filing fee or submit a completed and signed IFP application. Dkt. No. 4. Plaintiff complied with the Court's Order, Dkt. No. 5, and, following its review of plaintiff's IFP application and complaint pursuant to 28

U.S.C. § 1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A"), the Court issued a Decision and Order dated January 13, 2020, granting plaintiff's IFP application and dismissing plaintiff's complaint without prejudice. Dkt. No. 8 ("January Order").

On February 20, 2020, the Court received plaintiff's amended complaint, Dkt. No. 11 ("Am. Compl."), which the Clerk has now forwarded to the Court for review.

## II.    DISCUSSION

The legal standard governing the review of a pro se inmate-plaintiff's complaint pursuant to Sections 1915 and 1915A was discussed at length in the January Order and will not be restated in this Decision and Order. *See* January Order at 3-4.

Plaintiff's amended complaint generally alleges the same facts as alleged in the original complaint. More specifically, plaintiff, who has severe sleep apnea, alleges that he was arrested on November 6, 2018, in Kingston, New York, and incarcerated in Ulster C.J. as a pretrial detainee. Am. Compl. at 3. Defendant Kathleen Gregory, a registered nurse employed by CBH Medical and stationed at Ulster C.J., learned that plaintiff has severe sleep apnea and told plaintiff that he would be referred to a doctor for his condition because plaintiff's personal CPAP machine, which treats plaintiff's sleep apnea, was not available for use. *Id.* On an unidentified date, after not being scheduled for an appointment with a doctor or otherwise treated for his condition, plaintiff filed a grievance complaining about the lack of medical care. *Id.*; *see also* Dkt. No. 1-1 ("Exhs.") at 4.[1] On December 21, 2018, defendant Gregory responded to the grievance in writing, but did not take any action to further treat

---

[1] Plaintiff's amended complaint references several exhibits that were submitted as exhibits to the original complaint. Out of special solicitude to plaintiff's pro se status, the Court will treat those exhibits as if plaintiff had attached them to his amended complaint, and the Clerk is respectfully directed to refile the exhibits attached to plaintiff's original complaint (Dkt. No. 1-1) as exhibits to plaintiff's amended complaint.

2

plaintiff's condition. Am. Compl. at 3, 10; Exhs. at 4.

On January 29, 2019, plaintiff underwent a sleep study that confirmed his diagnosis of "severe obstructive sleep apnea." Am. Compl. at 4. On February 9, 2019, defendant Gregory told plaintiff that he "would be placed in the medical hospital/infirmary until he received a CPAP machine because of the danger of his sleep apnea." *Id.* The transfer to the infirmary, however, never occurred, and plaintiff did not receive a CPAP machine before leaving Ulster C.J. *Id.* at 4-5, 10.

On February 12, 2019, plaintiff filed another grievance complaining of inadequate medical care. Compl. at 5. Defendant Gregory responded by indicating that plaintiff was scheduled for a follow-up appointment with a doctor "for further orders," and that plaintiff had been ordered a new mattress and provided "two rolled up blankets for elevation of his head." Exhs. at 25.

Aside from defendant Gregory, plaintiff's amended complaint identifies no other defendants. Liberally construed, the amended complaint asserts only a Fourteenth Amendment deliberate medical indifference claim against defendant Gregory. Am. Compl. at 5. Mindful of the obligation to liberally construe a pro se litigant's pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court will accept plaintiff's amended complaint for filing and require a response from defendant Gregory. In so ruling, the Court expresses no opinion as to whether plaintiff's complaint can withstand a properly filed dispositive motion.

3

## III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Clerk of the Court is respectfully directed to re-file the exhibits attached to plaintiff's original complaint (Dkt. No. 1-1) to plaintiff's amended complaint (Dkt. No. 11); and it is further

**ORDERED** that plaintiff's amended complaint (Dkt. No. 11) is **ACCEPTED for filing**; and it is further

**ORDERED** that the amended complaint is now the operative pleading in this action; and it is further

**ORDERED** that the Clerk shall **TERMINATE** from the docket defendants CBH Medical, Correctional Medical Care, and Ulster County; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the amended complaint (and attached exhibits), to the United States Marshal for service upon defendant Gregory; and it is further

**ORDERED** that the Clerk shall forward to the County Attorney for Ulster County a copy of the summons, the amended complaint, and this Decision and Order; and it is further

**ORDERED** that a response to the amended complaint shall be filed by defendant Gregory, or her counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S.

4

Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with rule 7.1 of the Local Rules of Practice for the Northern District of New York in filing motions. Motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and it is further

    **ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: March 25, 2020
    Albany, New York

Mae A. D'Agostino
U.S. District Judge