UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

NORMAN GUISHARD,

                          **Plaintiff,**

  vs.                                                9:19-CV-1475
                                                               (MAD/ATB)

KATHLEEN GREGORY,

                          **Defendant.**

_____

APPEARANCES:                                    OF COUNSEL:

**NORMAN GUISHARD**
19-A-1164
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 12508
Plaintiff *pro se*

**STEINBERG, SYMER & PLATT, LLP**        **JONATHAN E. SYMER, ESQ.**
22 IBM Road, Suite 201
Poughkeepsie, New York 12601
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff commenced this action on November 27, 2019, pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. On March 26, 2020, the Court accepted the amended complaint for filing, allowing Plaintiff's deliberate medical indifference claim against Defendant Kathleen Gregory to proceed. *See* Dkt. No. 12 at 3. On December 13, 2021, Defendant moved for summary judgment. *See* Dkt. No. 64. In her motion, Defendant contends that the failure to provide Plaintiff with a CPAP machine for his obstructive sleep apnea prior to his transfer to DOCCS custody fails to establish deliberate indifference under either the Eighth or Fourteenth Amendments. *See* Dkt. No. 64-3 at 15-18. In his "response" to Defendant's motion, Plaintiff simply argues that this Court has

subject matter jurisdiction over his claim and asks the Court for a stay to obtain discovery relating to product recall notices issued in April 2021 for CPAP and Bi-level devices manufactured by Philips.  *See* Dkt. No. 73.  Plaintiff did not otherwise substantively oppose Defendant's motion.  *See id.*

In a Report-Recommendation dated August 11, 2022, Magistrate Judge Baxter recommended that the Court grant Defendant's motion and dismiss this action in its entirety.  *See* Dkt. No. 78.  In his Report-Recommendation, Magistrate Judge Baxter initially found that the approximately four-month delay in obtaining a CPAP machine is insufficient to meet the objective prong of his claim because Plaintiff failed to show that the delay exacerbated his sleep apnea to the point of degeneration or extreme pain.  *See id.* at 18-19.  Similarly, Magistrate Judge Baxter found that Plaintiff also failed to establish the mental/subjective prong of his deliberate indifference claim.  *See id.* at 21-24.  Specifically, Magistrate Judge Baxter found that the undisputed facts demonstrate that Defendant's conduct did not rise to the level of recklessness, much less intentional, disregard of a serious risk to Plaintiff's health.  *See id.*  Neither party has objected to the Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error only.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36–37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56 (c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553–54 (2d Cir. 2005) (quotation omitted). "However, '[t]he mere existence of a

3

scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson*, 477 U.S. at 252 (emphasis and alterations in original)).  "To defeat summary judgment, therefore, nonmoving parties 'must do more than simply show that there is some metaphysical doubt as to the material facts,' ... and they 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (quotations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment." *Kotler v. Fischer*, No. 9:09-CV-01443, 2012 WL 929823, *12 (N.D.N.Y. Mar. 19, 2012) (citations omitted).  Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

In the present matter, the Court finds that Magistrate Judge Baxter correctly determined that Defendant's motion for summary judgment should be granted in its entirety.  Plaintiff failed to present any evidence from which a reasonable factfinder could conclude that the delay in obtaining a CPAP machine while confined at the Ulster County Jail exacerbated his medical condition or presented a serious medical need or risk to his health, as required to satisfy the

objective prong of his deliberate indifference claim. *See Santana v. Watson*, No. 13 Civ. 1549, 2014 WL 1803308, *5 (S.D.N.Y. May 6, 2014) (dismissing the plaintiff's deliberate indifference claim where the plaintiff failed to show that the delay or interruption in the provision of a CPAP machine was sufficiently serious to constitute an Eighth Amendment violation where there was "no indication that [the plaintiff's] health declined during the time he was without a CPAP machine, or that the temporary deprivation significantly affected his daily activities or caused him chronic or substantial pain"); *See also Aiello v. Lamitie*, No. 9:16-cv-53, 2020 WL 918989, *12 (N.D.N.Y. Feb. 26, 2020) (granting the defendants' motion for summary judgment where the plaintiff failed to provide evidence regarding the severity of his sleep apnea, any complications associated with untreated sleep apnea, or any corroboration for the alleged injury he suffered due to the deprivation of his CPAP machine).

    Even assuming Plaintiff had satisfied the objective element of his deliberate indifference claim, the undisputed facts establish that Defendant did not act with a culpable state of mind in depriving him of treatment for his sleep apnea. Plaintiff was seen for a medical intake screening and evaluation at the chronic disease clinic within one week of his admission to the Ulster County Jail, at which time he reported a history of, among other things, sleep apnea. *See* Dkt. No. 64-2 at ¶¶ 14, 18-22; Dkt. No. 64-7 at 252-53, 273-76. Dr. Kulesza, the facility physician, initially ordered that Plaintiff could bring his personal CPAP into the facility for use, but it was eventually determined that Plaintiff was unable to obtain the device. *See* Dkt. No. 64-2 at ¶ 26. By the end of November 2018, an authorization for Plaintiff's past sleep studies and pulmonary records was processed, and Plaintiff's 2014 sleep study report was returned to the jail the same day. *See id.* at ¶¶ 29-30; Dkt. No. 64-7 at 26-27, 102-06.

Thereafter, on January 17, 2019, Dr. Kulesza issued an order for a sleep study to evaluate Plaintiff's sleep apnea. *See id.* at ¶ 33. Defendant, as a nurse, did not have the authority to issue such an order. After receiving Dr. Kulesza's request for a sleep study, Defendant obtained the appropriate approvals within one day and the test took place less than two weeks later. *See id.* at ¶¶ 34-36. Dr. Kulesza reviewed the sleep study results on or about February 4, 2019, and authored a prescription for a CPAP machine in accordance with the sleep study recommendations by March 5, 2019. *See id.* at ¶ 43; Dkt. No. 64-7 at 63. Upon receipt of the prescription on March 5, 2019, Defendant ordered the CPAP machine that same day. Defendant followed-up with the medical device company on two separate occasions – March 15 and March 20 – and, despite her efforts, the CPAP machine was not received at Ulster before Plaintiff's March 28, 2019 transfer to Downstate Correctional Facility.

In both February and March 2019, Defendant also met with Plaintiff on different occasions in response to complaints about the delay in obtaining the CPAP machine, in order to advise him of its status and address his concerns. *See id.* at ¶¶ 48-50. Defendant also arranged for Plaintiff to receive extra blankets so that Plaintiff could elevate his head while sleeping to alleviate some of the symptoms. Accordingly, the Court finds that the undisputed facts clearly demonstrate that Defendant did not recklessly fail to act with reasonable care to mitigate the risks posed by Plaintiff's sleep apnea. *See Aiello*, 2020 WL 918989, at *10.

Having carefully considered the August 11, 2022 Report-Recommendation, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Baxter's August 11, 2022 Report-Recommendation (Dkt. No. 78) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 64) is **GRANTED in its entirety**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 6, 2022
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge